**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *MARY PURNELL*, | ) |
| Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *PORTFOLIO RECOVERY ASSOCIATES, L.L.C.* | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Mary Purnell, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1)      The Fair Debt Collection Practices Act and its progeny prohibit debt collectors to

continue to place telephone calls to a consumer after the consumer requests the debt collector to

stop, and the FDCPA also requires debt collectors to disclose when a consumer disputes a debt.

In the case at bar, Debt Collector-Defendant Portfolio Recovery Associates, LLC continued to

call Ms. Mary Purnell even after she asked Defendant to stop, and Defendant failed to report that

Ms. Purnell disputed a debt that Defendant reported to credit reporting agencies.  Thus,

Defendant Portfolio Recovery Associates LLC violated the FDCPA.

### Jurisdiction and Venue.

2)      Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this

civil action because the action arises under the laws of the United States.  Pursuant to 28 U.S.C.

§ 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a

substantial part of the events or omissions giving rise to this action occurred within the Eastern

Division.

**Parties.**

3)      Plaintiff Mary Purnell is a "consumer" as that term is defined in the Fair Debt Collection

Practices Act, at 15 U.S.C. § 1692a(3); and Ms. Mary Purnell resides within the Eastern

Division.

4)      Defendant Portfolio Recovery Associates LLC is a "debt collector" as that term is defined

in the Fair Debt Collection Practices Act, at 15 U.S.C. § 1692a(6).  Defendant Portfolio

Recovery Associates LLC is also a Limited Liability Company organized in the State of

Delaware and also organized in Illinois.

**Factual Allegations.**

5)      Capital One Financial Corporation alleges that Ms. Mary Purnell owes a debt to Capital

One Financial, and Debt Collector-Defendant Portfolio Recovery is attempting to collect on Ms.

Purnell's purported debt to Capital One.

6)      Defendant Portfolio Recovery has placed telephone calls to Ms. Purnell.

7)      During Defendant Portfolio's telephone calls to Ms. Purnell, Defendant has alleged that

Ms. Purnell owes a debt to Capital One.

8)      During Defendant Portfolio's telephone calls, however, Ms. Purnell has disputed that she

owes this purported debt to Capital One.

9)      During Defendant Portfolio's telephone calls, Ms. Purnell has also requested that

Defendant cease calling her.

10)     Nevertheless, despite Ms. Purnell's requests, Defendant Portfolio has continued to place

telephone calls to her.

11)     Defendant Portfolio's telephone calls to Ms. Purnell caused injury to her because, *inter

alia*, these calls interrupted her meals and were were pestiferous to her.

12)     Also, despite Ms. Purnell's disputes, Defendant Portfolio still reported her purported debt to credit reporting agencies without noting that the debt was disputed.

13)     When a debt collector reports a debt and notes that the debt is disputed, credit reporting agencies record the dispute in the credit report and do not include the derogatory information in assessing the credit score.  Thus, Defendant Portfolio's decision to report the debt but not the dispute resulted in a much lower credit score for Ms. Purnell than a report of both the debt and the dispute.

14)     Defendant Portfolio's failure to note that Ms. Purnell's purported debt was disputed (and the resulting lower credit) caused injury to Ms. Purnell because, *inter alia*, she wanted to attempt to lease a nicer apartment, but refrained from doing so, so as not to expose her lower credit score to the potential landlord.

**Causes of Action.**

Count  One       15 U.S.C. § 1692d(5).

15)     The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse."  Subsection 1692d(5) specifically prohibits "engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass."  When "assessing whether a defendant's phone calls were harassing under § 1692d(5)," evidence includes "where a plaintiff has shown that [s]he asked the collection agency to stop calling ... and the collection agency nevertheless continued."  *Kayyal v. Enhanced Recovery Company*, L.L.C., 17 cv 2718 (N.Dist.Ill. 2019), D.E. 75, pp. 4 – 5.

16)     Defendant Portfolio violated Subsection 1692d(5) by continuing to call Ms. Purnell despite her request to stop calling.

<u>Count Two</u>    <u>15 U.S.C. § 1692e(8).</u>

17)    The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means."  Subsection 1692e(8) specifically prohibits debt collectors from "fail[ing] to communicate that a disputed debt is disputed."  "Despite receiving [disputes], [Defendant] still reported plaintiff['s] debts to credit reporting agencies without noting that the debt amounts were disputed.  This is a clear violation of the statute." *Evans v. Portfolio*, 889 F.3d 337, 346 (2018).

18)    Defendant Portfolio violated Subsection 1692e(8) by reporting plaintiff's debt to credit reporting agencies without noting that the debt was disputed.

**Prayer for Relief.**

WHEREFORE, Mary Purnell prays that this Court holds a trial by jury and enters judgment in her favor (and against Defendant Portfolio) for her actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a).

Respectfully submitted,
Plaintiff's, Mary Purnell's, Counsel
North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*
Paúl Camarena, Esq.
500 So. Clinton, No. 132
Chicago, IL 60607
paulcamarena@paulcamarena.com
(312) 493-7494